**MERRILL DITCH–LINERS, INC.,**
**Plaintiff-Appellant,**

v.

**Nat PABLO, et al., Defendant-Appellee.**

**No. 80–6058.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 2, 1982.

Decided Feb. 26, 1982.

Thaddeus G. Baker, Jr., Flagstaff, Ariz., for plaintiff-appellant.

Martin Green, Washington, D. C. (argued), for defendant-appellee; Elizabeth G. Jucius, Asst. U. S. Atty., Phoenix, Ariz., on brief.

Before GOODWIN and TANG, Circuit Judges, and SOLOMON *, District Judge.

* Honorable Gus J. Solomon, Senior U. S. District Judge, for the District of Oregon, sitting by designation.

TANG, Circuit Judge.

Appellant Merrill Ditch-Liners (Merrill) appeals the dismissal from this action of all the federal defendants for lack of subject matter jurisdiction. We affirm.

The Gila River Farms (Gila), an agency of the Gila River Indian Community, obtained a loan from the United States under the Small Reclamation Projects Act of 1956, 43 U.S.C. § 422a *et seq.* The statute provides that the Secretary of the Interior may negotiate contract terms with loan recipients which shall set out "such provisions as the Secretary shall deem necessary or proper to provide assurance of and security for prompt repayment of the loan and interest as aforesaid." 43 U.S.C. § 422e.

The loan repayment contract involved here requires Gila to accept competitive bids on contracts over $10,000. The contract also provides for review by the Secretary of the Interior or his representative (Secretary) should Gila award a contract to one other than the "lowest responsible bidder."

Merrill had previously received the contract for "Reach II" of the South Side Canal. When a dispute arose under that contract, Gila and Merrill submitted their claims to an arbitrator. That proceeding was pending when Gila requested bids on this "Reach III" portion of the project now involved in this lawsuit. Merrill submitted the lowest bid (approximately $1.7 million) for Reach III but Gila awarded the contract to the second lowest bidder (higher than Merrill's by approximately $32,000). By the terms of the contract this award was "subject to review" by the Secretary. The Secretary approved the award because it would "not adversely affect the repayment contract."

Merrill sued Gila, certain federal officials, and the United States. The district court dismissed as to all the federal defendants for lack of subject matter jurisdiction. The dismissal is challenged on appeal. The central issue is whether the Secretary's approval of the award to the second lowest bidder is "agency action committed to agency discretion by law" and thus not subject to judicial review.

■ The district court has subject matter jurisdiction to review agency action under 28 U.S.C. § 1331(a) if the action is not otherwise made unreviewable. *Califano v. Sanders,* 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977) (The 1976 amendments to 28 U.S.C. § 1331 confer "jurisdiction on federal courts to review agency action," "subject only to preclusion-of-review statutes created or retained by Congress.") The Administrative Procedure Act, however, precludes review of "agency action committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The Supreme Court has described this as creating a narrow exception to judicial review, applicable "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971).

■ This circuit applied *Overton Park* in *Ness Invest. Corp. v. United States Dept. of Agriculture, Forest Service,* 512 F.2d 706 (9th Cir. 1975). Judicial review is available when the plaintiff alleges a violation of "constitutional, statutory, regulatory or other legal mandates or restrictions," *id.* at 715, but review is precluded when plaintiff's complaint is primarily that the agency made the wrong choice when making an "informed judgment." *Id.*

The issue here is whether the Small Reclamation Projects Act, 43 U.S.C. § 422a *et seq.,* or regulations promulgated pursuant to that statute, provide a legal standard by which a court can measure the propriety of the Secretary's actions. *Arizona Power Authority v. Morton,* 549 F.2d 1231, 1240 (9th Cir. 1977). Merrill contends that the Secretary's review of the contract award should be governed by the Federal Procurement Regulations, which provide that award of contracts must be made to the lowest responsible bidder unless there is a compelling reason to reject all bids. 41 C.F.R. § 1–2.-414–1A. According to Merrill, since there is clear law to apply, the district court had jurisdiction to review the Secretary's action.

Federal Procurement Regulations apply to procurements made by federal agencies. The Gila Tribe, however, is not a federal agency. The Small Reclamation Projects Act does not require loan recipients to comply with the regulations. The Federal Procurement Regulations, therefore, do not provide the court with a standard to apply in this case.

Contracts for loans under the Small Reclamation Projects Act are governed by 43 U.S.C. § 422e. The statute provides that the secretary may negotiate a contract which shall set out, among other things—

(a)–(d)

(e) such provisions as the Secretary shall deem necessary or proper to provide assurance of and security for prompt repayment of the loan and interest as aforesaid.

43 U.S.C. § 422e. The requirements of competitive bids and secretarial review of the contract awards are *contract provisions* negotiated by the Secretary pursuant to his statutory authority to "provide assurance of and security for prompt repayment." This authority is reflected in the justification offered by the Secretary's representative in approving the award to the second lowest bidder that "[t]he difference in cost ... will not adversely affect the repayment contract."

The statute itself does not provide a standard for the court to apply in determining whether the provision in the contract "provides assurance of and security for prompt repayment". Nor does it provide a legal standard against which the court can judge the Secretary's action in approving the award to the second lowest bidder. We conclude that the facts of this case fall under the narrow exception to judicial review: the statute (at least as to the relationship of competitive bidding to repayment assurance) is "drawn in such broad terms" that "there is no law to apply." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 820, 28 L.Ed.2d 136 (1971).

The district court was correct in dismissing the federal defendants for lack of subject matter jurisdiction.

AFFIRMED.